UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeffrey Cass, et al.,                                                    Case No. 3:24-cv-1501

        Plaintiffs,

  v.                                                                          ORDER


City of Toledo, et al.,

        Defendants.


The parties' joint proposed dispositive motions briefing deadlines are adopted and as such, I order:

    1.) Defendants' dispositive motion(s) shall be filed no later than July 17, 2026;

    2.) Plaintiffs' opposition brief(s) shall be filed no later than August 21, 2026; and

    3.) Defendants' reply brief(s) shall be filed no later than September 4, 2026.

These deadlines will not be extended unless the party seeking the extension files a motion to extend the deadline <u>at least two business days prior to the subject deadline</u>, which:

    a) details the movant's efforts to meet the existing deadline;

    b) sets forth a specific and compelling showing of good cause for the extension sought; and

    c) states whether the non-moving opponents object to the extension and, if not, seek their own extension of any dependent deadline.

Related to dispositive motion briefing, I conditionally grant the parties leave to file briefs and exhibits under seal. But should any party file a brief or exhibit under seal, they must file <u>contemporaneously</u>:

1.) A motion to maintain the seal the brief or exhibit, which applies the law of this Circuit, as set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), which requires that "[t]he proponent of sealing . . . must 'analyze in detail, document by document [line by line], the propriety of secrecy, providing reasons and legal citations.'" 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also Shane Grp., Inc.*, 825 F.3d at 308 (holding the movant must "demonstrate—on a document-by-document, line-by-line basis—that [the] specific information [they seek to file under seal] meets the demanding requirements for a seal."); and

2.) A redacted copy of the brief or exhibit if the proponent of sealing seeks to seal less than the entire brief or exhibit.

The above applies equally to document and non-document filings. For example, if the proponent seeks to file video evidence under seal, they must specifically identify the part or parts of that video they believe warrant sealing, demonstrate the propriety of sealing each of those part or parts, and file a redacted copy of the video evidence on the public docket. Failure to timely file a motion to maintain the seal will result in the brief or exhibit being unsealed in its entirety.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2